STATE

v.

J. Michael LEVESQUE.

No. 96–365–C.A..

Supreme Court of Rhode Island.

April 16, 1997.

Thomas Dickinson, Aaron Weisman, Providence, and Joseph L. DeCaporale, Jr., for Plaintiff.

Joel S. Chase, Warwick, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER and FLANDERS, JJ.

## OPINION

FLANDERS, Justice.

Double-jeopardy considerations are at issue on this appeal by the state from the Superior Court's dismissal of an indictment against the defendant, J. Michael Levesque (Levesque), the former mayor of West Warwick (the town), for obtaining money by false pretenses.[1] A motion justice found that a previous $5,000 civil fine imposed by the Rhode Island Ethics Commission (commission) against Levesque constituted "punishment" within the purview of both the federal and the state double-jeopardy clauses[2] and

---

1. General Laws 1956 §§ 11–41–4 and 11–41–5.

2. U.S. Const. Amend. V ("[n]o person shall * * * be subject for the same offense to be twice put in jeopardy of life or limb"); R.I. Const., art. 1, sec. 7 ("[n]o person shall be subject for the same offense to be twice put in jeopardy").

therefore barred the state from later attempting to prosecute Levesque criminally on a charge of obtaining money by false pretenses for the same misconduct. For reasons that follow, we vacate the dismissal order and remand this case to the Superior Court so that it can conduct a hearing (1) to ascertain the commission's approximate costs in investigating and prosecuting Levesque for ethics-code violations and, in light of such evidence, (2) to reconsider whether the $5,000 fine was remedial or punitive.

## Background

In a December, 1993 civil proceeding before the commission, Levesque admitted to violating two provisions of the Rhode Island Code of Ethics[3] (ethics code) by accepting approximately $16,000 in severance payments from the town upon leaving office in 1992 at the expiration of his mayoral term. He also agreed to make full restitution of these severance payments to the town and to pay a $5,000 "fine[ ] or civil penalty" to the commission.

Thereafter, the state indicted Levesque for obtaining money from the town by false pretenses. Arguing that he was being criminally prosecuted for conduct that triggered the commission's civil charges, Levesque moved to dismiss the indictment on double-jeopardy grounds. Noting that Levesque had agreed to pay back the money he had wangled from the town, the motion justice concluded that the commission's $5,000 sanction on top of its restitution order constituted punishment for double-jeopardy purposes—especially since it had been imposed after the commission's attorney had argued that it was important "in terms of deterrent and in terms of penalty" for the commission to fine Levesque $5,000. Accordingly the court precluded the state from prosecuting him and granted the defendant's dismissal motion. This appeal ensued.

## Analysis

In *United States v. Halper*, 490 U.S. 435, 448–49, 109 S.Ct. 1892, 1902, 104 L.Ed.2d 487, 502 (1989), the United States Supreme Court stated that "a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution." Thus after *Halper* either a criminal prosecution or a civil proceeding instituted by the same sovereign may result in punitive sanctions that implicate the double-jeopardy clause's ban on multiple punishments for the same offense. Moreover, if a civil sanction constitutes punishment in the relevant sense, it does not matter whether the civil case precedes or follows the attempt to convict the defendant criminally. "Notwithstanding the difference in sequence, the Double Jeopardy Clause reaches both situations." *United States v. Stoller*, 78 F.3d 710, 715 (1st Cir.1996).

■ Under *Halper* courts presented with an alleged double-jeopardy violation involving both an in personam civil fine and a criminal proceeding pertaining to the same alleged misconduct must scrutinize the civil sanction to see if it can be fairly regarded as punishment in the relevant sense. Performing this task requires "a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve. Simply put, a civil as well as a criminal sanction constitutes punishment when the sanction as applied in the individual case serves the goals of punishment." *Halper*, 490 U.S. at 448, 109 S.Ct. at 1901–02, 104 L.Ed.2d at 501. But not every civil penalty exceeding the victim's actual financial losses is ipso facto punitive. *See Stoller*, 78 F.3d at 716 (discussing *Halper*). Rather "the Government is entitled to rough remedial justice, that is, it may demand compensation according to somewhat imprecise formulas, such as reasonable liquidated damages or a fixed sum plus double damages, without being deemed to have imposed a second punishment for the purpose of double jeopardy analysis." *Halper*, 490 U.S. at 446, 109 S.Ct. at 1900, 104 L.Ed.2d at 500. It is only when the civil sanction is "not rationally related to the goal of making the Government whole" that the specter of punishment rears its head in a civil case. *Id.* at 451, 109 S.Ct. at 1903, 104 L.Ed.2d at 504. And if the

3. General Laws 1956 §§ 36–14–5(a) and 36–14– 7(a).

"civil sanction * * * cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, [it] is punishment, as we have come to understand the term." *Id.* at 448, 109 S.Ct. at 1902, 104 L.Ed.2d at 502.

Because we are dealing here with an in personam civil fine arising out of a civil proceeding charging Levesque with a personal violation of the Ethics Code, the *Halper* analysis is applicable to determine the nature of this civil sanction. Unfortunately the Superior Court record is silent concerning whether the commission's $5,000 sanction is "so extreme and so divorced from the [state's] damages and expenses as to constitute punishment." *Id.* at 442, 109 S.Ct. at 1898, 104 L.Ed.2d at 497. In other words we are unable to ascertain the extent to which this case "may involve a civil sanction that may not fairly be characterized as remedial." *State v. One Lot of $8,560 in U.S. Currency,* 670 A.2d 772, 776 (R.I.1996). Accordingly, as we did in *One Lot,* we remand this case to the Superior Court with directions to consider the amount by which the commission's $5,000 sanction levied against Levesque may be deemed to exceed a sum that is remedial. In determining the amount that might be within the remedial range, the court should consider the commission's "cost of apprehending and prosecuting" Levesque. *See id.*; *see also Halper,* 490 U.S. at 445, 109 S.Ct. at 1900, 104 L.Ed.2d at 499 (noting that a court can take into account "the costs of detection and investigation, that routinely attend the Government's efforts to root out deceptive practices directed at the public purse").

Given the Superior Court's concern that the commission's $5,000 fine appeared to be punitive, it should have then afforded the state a chance to present an accounting of the commission's actual costs arising from its investigation and civil prosecution of Levesque's misconduct. *See Halper,* 490 U.S. at 452, 109 S.Ct. at 1903–04, 104 L.Ed.2d at 504; *One Lot,* 670 A.2d at 776. If it appears on remand that the commission's costs in investigating and prosecuting Levesque for ethics-code violations exceeded or roughly approximated the $5,000 civil fine levied against him,

then the sanction "can be said to do no more than make the [state] whole" or to constitute a partial recompense of its transaction costs in bringing Levesque to justice. *See Halper,* 490 U.S. at 449, 109 S.Ct. at 1902, 104 L.Ed.2d at 502 (adding that "the process of affixing a sanction that compensates the Government for all its costs inevitably involves an element of rough justice"). But if the $5,000 fine on top of the commission's restitution order constitutes "a sanction overwhelmingly disproportionate to the damages" Levesque has caused, then it is punitive and the state cannot punish him again by prosecuting him criminally for the same offense. *See id.*

*Halper* teaches that "civil proceedings may advance punitive as well as remedial goals," *id.* at 447, 109 S.Ct. at 1901, 104 L.Ed.2d at 501, and that "in determining whether a particular civil sanction constitutes criminal punishment, it is the purposes actually served by the sanction in question, not the underlying nature of the proceeding giving rise to the sanction, that must be evaluated," *id.* at 447 n. 7, 109 S.Ct. at 1901 n. 7, 104 L.Ed.2d at 501 n. 7. Thus, in making a "particularized assessment" of the civil penalty imposed, the Superior Court must afford the state the opportunity to subpoena commission records and witnesses and thereby introduce evidence concerning the commission's investigative and prosecutorial costs in connection with its civil proceedings against Levesque. However, the statement by the commission's attorney that it was important "in terms of deterrent and in terms of penalty" for Levesque to pay a fine on top of restitution should not be regarded as determinative of whether this fine was punitive. Remarks of counsel are not evidence. *See, e.g., State v. Simpson,* 520 A.2d 1281, 1284 (R.I.1987). Thus the Superior Court erred when it relied upon these words of the commission's prosecuting attorney in deciding whether the $5,000 civil penalty was remedial or punitive.

The state argues that the ethics-code charges against Levesque and his later criminal indictment do not constitute the same "offense" for double-jeopardy purposes because each of these offenses contains one or more elements that are not common to the

other. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932) (holding that punishment for two statutory offenses arising out of the same nucleus of operative facts does not violate double jeopardy if "each provision requires proof of a fact which the other does not"); *accord United States v. Dixon*, 509 U.S. 688, 696, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556, 567–68 (1993) (reaffirming that multiple-punishment cases are to be assessed under *Blockburger*'s "same-elements" test). However, by failing to raise this argument before the motion justice, the state has waived it and cannot be heard to argue this point for the first time on appeal. *See, e.g., State v. Froais*, 653 A.2d 735, 739 (R.I.1995). We therefore assume, without deciding, that to the extent the *Blockburger/Dixon* analysis applies here, we are dealing with what amounts to the same offense. Thus, there is a need for a *Halper* type of inquiry into whether the civil sanction amounts to punishment or instead constitutes a permissible exercise of the state's remedial power. *See Halper*, 490 U.S. at 448, 109 S.Ct. at 1902, 104 L.Ed.2d at 502 (holding that "a civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment" for double-jeopardy purposes).

## Conclusion

For these reasons we sustain the state's appeal, vacate the order dismissing the indictment, and remand this case to the Superior Court for a hearing to ascertain the commission's costs and expenses in investigating and prosecuting Levesque for ethics-code violations and to determine whether the $5,000 fine is punitive in light of such evidence.